Princess E. L. Lingham-Pritchard v. Commissioner.
Lingham-Pritchard v. Commissioner
Docket Nos. 2752-63, 4518-63.
United States Tax Court
T.C. Memo 1964-185; 1964 Tax Ct. Memo LEXIS 150; 23 T.C.M. (CCH) 1100; T.C.M. (RIA) 64185; July 9, 1964
*150 Princess E. L. Lingham-Pritchard, pro se, 40 W. 135th St., #3 G. New York, N. Y. Donald Cuozzo, for the respondent. RAUM
Memorandum Findings of Fact and Opinion RAUM, Judge: The Commissioner determined deficiencies in petitioner's income tax in the amounts of $692.22 and $655.32 for the years 1960 and 1962, respectively. The 1960 deficiency was based upon the Commissioner's disallowance of two deductions in the aggregate amount of $3,200, identified on petitioner's return as "Mrs. Cherry Corley 200.00" and "N. Y. Expense Account 3,000.00." The 1962 deficiency was based upon the Commissioner's adjustments in respect of four deductions claimed in petitioner's return for that year: (a) he reduced the deduction for charitable contributions from $1,200 to $800; (b) he reduced the deduction for taxes paid from $1,722.25 to $192.25; (c) he disallowed in its entirety medical and dental expenses claimed in the amount of $635.85; and (d) he reduced the deduction for education expenses from $500 to $112.27. The evidence shows that petitioner is a substitute teacher in the New York City schools, and that she derived her total income in each of the years ($5,638.09 in 1960 *151 and $6,414.78 in 1962) from that activity. It further appears that, at least in 1960 and possibly also in 1962, petitioner lived in New York City during the school week but would go to Philadelphia on weekends and school holidays, claiming Philadephia as her home. The $3,000 deduction claimed in 1960 as "N. Y. Expense Account" represents her alleged living expenses in New York, as well as transportation expenses between New York and Philadelphia. This item is clearly not deductible. Cf. . The $200 deduction in respect of "Mrs. Cherry Corley" was explained by petitioner as a claimed bad debt. The evidence as to this item is far too unsatisfactory to justify upsetting the Commissioner's determination. Although we probably could find that a loan was made at some time, not clearly fixed, by petitioner to a Mrs. Cherry Corley, we cannot find on the record that it became worthless in 1960. As to the charitable contributions in 1962, the issue is solely one of substantiation. We are satisfied on the record that petitioner made substantial charitable contributions, particularly to her church and related causes. The matter is not completely *152 free from doubt, but doing the best we can with the materials before us we find as a fact that petitioner made deductible charitable contributions in the aggregate amount of $950 in 1962. Cf. (C.A. 2). The issue as to medical expenses is again solely one of substantiation. Based upon our appraisal of the evidence we hereby find as a fact that petitioner incurred deductible medical expenses in 1962 in the aggregate amount of $400. In respect of the $500 deduction claimed for education expenses, the Commissioner has allowed $112.27, and at the hearing his counsel conceded that an additional $177 is allowable. We cannot find on the evidence that petitioner is entitled to any further deduction in respect of this item. The adjustment in respect of the deduction for taxes paid is uncontested. Decisions will be entered under Rule 50.